**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZIZOMAR RIBEIRO GOMES,

Petitioner,

v. No. 2:26-cv-03315-MLG-DLM

MARKWAYNE MULLIN, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING PETITIONER'S IMMEDIATE RELEASE**

This matter is before the Court on Petitioner Zizomar Ribeiro Gomes's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Doc. 1. The Court, having considered the Petition, having held a hearing on October 30, 2026, and being otherwise fully informed, finds that it is well-taken and should be granted.

Ribeiro Gomes entered the United States in May 2022 without inspection and was subsequently released on his own recognizance in July 2022. Doc. 1 at 4-5. Throughout his four-year period of release, Ribeiro Gomes complied with the conditions of release, including making annual reports to immigration authorities. Doc. 1 at 5. On August 7, 2026, immigration officers re-detained Ribeiro Gomes at an immigration checkpoint without notice that his release was revoked. Doc. 1 at 6. Ribeiro Gomes received a bond hearing approximately six weeks later on September 23, 2026. Doc. 1 at 7.

The Court incorporates the holdings and reasoning provided in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), *Castells Ferras v. Lyons*, No. 2:26-cv-00114-MLG-KK, Doc. 9 (D.N.M. Mar. 16, 2026), and *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608476

(D.N.M. Mar. 4, 2026). When a person is released on their own recognizance, immigration officers must make a finding that the person is neither a flight risk nor a danger to the community. 8 C.F.R. § 236.1(c)(8). A post-detention bond hearing cannot prevent the deprivation of liberty that arises when such a release is revoked without notice. *See Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1323 (W.D. Wash. 2025). For the reasons stated on the record during the October 30, 2026, hearing, and incorporating the arguments stated above, the Court grants the Petition and orders immediate release.[1]

Ribeiro Gomes shall be released within forty-eight hours of the entry of this Order. He shall be released with all possessions, identification documentation that he possessed on his person when detained by Respondents in August 2026, and documentation sufficient to allow him to travel, along with a copy of this Order.

Ribeiro Gomes may not be re-detained without a pre-detention hearing before a neutral Immigration Judge and only following a showing by clear and convincing evidence that he is a flight risk or poses a danger to the community and that no conditions other than his detention would be sufficient to prevent such harms. Ribeiro Gomes shall receive at least seven (7) days' notice before the pre-detention hearing takes place.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

[1] In habeas corpus proceedings, "a federal court 'possesses power to grant any form of relief necessary to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (emphasis omitted) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").